Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000053
10-FEB-2016
08:04 AM

NO. CAAP-15-0000053

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LANRIC HYLAND and ALEX ACHMAT, Petitioners-Appellants,
v.
RONALD GONZALES and STEWART MAEDA, in his official
capacity as Hawaiʻi County Clerk, Respondents-Appellees

APPEAL FROM THE COUNTY OF HAWAIʻI BOARD OF REGISTRATION
(APPEAL NO. 14-01)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

In this appeal of an administrative agency decision, Petitioners-Appellants Lanric Hyland (**Hyland**) and Alex Achmat (**Achmat**) (together, **Appellants**) appeal from the "Findings of Fact, Conclusions of Law and Order Dismissing Appeals" (**FOF/COL**), issued by the Board of Registration, County of Hawaiʻi (**Board**) and dated January 9, 2015.

On appeal, Appellants contend:

(1) the Board erred when it held, "[Appellants'] appeal was not 'filed' on October 14, 2014, after service by registered mail, postage prepaid, and addressed to the Board where the Board itself instructed Appellants to mail it";

(2) the Board erred when it "told [Appellants] to mail the appeal to the Office of State Elections in Pearl City, HI and gave no Big Island physical *locus* for the chairman of the board";

(3) the Board erred when it "made no mention in its [FOF/COL] that [Appellants] mailed their appeal to the Office of State Elections in Pearl City, Hawaii on October 14, 2014 by registered mail, postage prepaid";

(4) the Board erred when it "refused to deal with Appellants' challenge on the merits"; and

(5) "[t]he County Clerk erred when on 5-21-14 he refused to declare Ronald S. Gonzales' 4-1-14 voter registration form null and void on it's [sic] face."

## I. BACKGROUND

Respondent-Appellee Ronald Gonzales (**Gonzales**) was a candidate in the Hawai'i County Council District 9 race in the 2014 election cycle. On August 1, 2014, Respondent-Appellee Stewart Maeda, in his official capacity as County Clerk of Hawai'i (**County Clerk**), received a challenge to Gonzales' voter registration residence from Petitioner Joe Appleton (**Appleton**). On August 14, 2014, the County Clerk received an additional challenge to Gonzales' voter registration residence from Petitioner Matthew Binder (**Binder**) and Achmat. The County Clerk reported that he received a third challenge from Hyland, but that Hyland subsequently withdrew his request.[1]

While only Hyland and Achmat are parties to this appeal, Hyland, Appleton, Binder, and Achmat are collectively referred to as the "Challengers." In a decision dated October 1, 2014, the County Clerk determined, based on the evidence presented, that Gonzales sufficiently established a Waikoloa residence for voter registration purposes. The County Clerk notified the Challengers in the written decision that pursuant to Hawai'i Revised Statutes (**HRS**) § 11-26 (2009 Repl.) and Hawaii Administrative Rules (**HAR**) § 3-172-43 (2010), they had the "right to appeal [the County Clerk's] decision to the [Board] within 10 days of the service of this decision." The County Clerk's decision was mailed to the Challengers on October 2, 2014.[2]

The Challengers then submitted a letter to the Board appealing the County Clerk's decision (**Appeal Letter**). The

---

[1]    Hyland contends that he reinstated the challenge prior to the County Clerk's decision and, therefore, was also a proper party to the subsequent appeal to the Board.

[2]    The record on appeal indicates that on October 2, 2014, the County Clerk sent its decision to Binder by registered mail with a request for a return receipt, and an envelope addressed to Hyland, post-marked October 2, 2014, was sent by the standard United States Postal Service.

2

Challengers contended that "[t]his appeal is . . . timely filed if postmarked by October 16, 2014." The Appeal Letter was dated October 14, 2014, but the Office of the Elections' file stamp was dated October 16, 2014.

On October 29, 2014, Gonzales filed an objection to the Board's jurisdiction over the Challengers' appeal (**Jurisdiction Objection**). Gonzales argued that the appeal was untimely under HRS § 11-26[3] because the deadline for filing the appeal was October 14, 2014. Hyland submitted a reply to Gonzales' Jurisdiction Objection, dated October 31, 2014 (**Reply to Jurisdiction Objection**).

The Board scheduled a prehearing conference on November 1, 2014 "to simplify and clarify the issues and discuss the procedures to hear the appeal of [the Challengers.]"[4] During the hearing, Gonzales, through his representative at the hearing, argued that the Board lacked jurisdiction to hear Hyland's complaint because Hyland could not "resurrect" his challenge to Gonzales' residency after his challenge was withdrawn.[5] Gonzales also argued that the Board lacked jurisdiction because the Challengers' appeal of the County Clerk's decision to the Board was untimely. The Board ultimately determined that Hyland could remain a party to the appeal, but concluded that the Challengers' appeal was indeed untimely.

On January 9, 2015, the Board issued its FOF/COL and found:

---

[3]   HRS § 11-26(b) provides in relevant part:

> §11-26  **Appeal from ruling on challenge; or failure of clerk to act.** . . . .
>
> (b)     . . . The appeal shall be brought within ten days of the service of the adverse decision.

[4]   Hyland appeared at the hearing *pro se* and purported to represent Appleton. Achmat and Binder also made appearances at the prehearing, but Hyland indicated that he was not representing the other challengers.

[5]   Unlike Gonzales, the County Clerk's office did not take a position on whether Hyland had standing to appeal. Instead, the County Clerk's Office maintained that Hyland's request to reinstate his complaint was not timely because by the time Hyland "reinvoked his challenge" the County Clerk's "decision had already been authored."

11. County Clerk Maeda's October 1, 2014 decision, concluding that Mr. Gonzales resides in District 9 was mailed to [the Challengers] on October 2, 2014, as indicated by its postmark.

12. Ten days after October 2, 2014 was October 12, 2014 which fell on Sunday. Monday, October 13, 2014, was Discoverer's Day, a holiday. The next day was Tuesday October 14, 2014, and the last day by which [the Challengers] could timely file an appeal.

13. [The Challengers] filed appeals with the Board on October 16, 2014.

The Board further concluded:

6. Pursuant to [HRS] § 11-26(b), ten days from the service of the decision on October 2, 2014 was October 12, 2014, which fell on a Sunday.

. . . .

8. Pursuant to [HRS] § 1-29 [(2009 Repl.)], Sunday and Monday, which was a holiday, are excluded from the computation of time and any appeal of the clerk's decision had to be filed by the next day, Tuesday October 14, 2014. [The Challengers] filed their appeals on October 16, 2014; the appeals are untimely.

9. As the appeals were untimely filed, the Board lacks jurisdiction over the appeals.

On January 29, 2015, Appellants filed a notice of appeal to this court.[6]

## II. STANDARD OF REVIEW

An agency's conclusions of law are reviewed de novo, while an agency's factual findings are reviewed for clear error. A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case.

As a general matter, a finding of fact or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made. Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Dupree v. Hiraga, 121 Hawaiʻi 297, 312, 219 P.3d 1084, 1099 (2009) (emphasis omitted) (quoting Del Monte Fresh Produce (Hawaii), Inc. v. Int'l Longshore & Warehouse Union, 112 Hawaiʻi

---

6       Of the four Challengers, only Hyland and Achmat pursued an appeal from the Board's FOF/COL.

4

489, 499, 146 P.3d 1066, 1076 (2006)). "The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Hiraga, 121 Hawai'i at 312, 219 P.3d at 1099 (internal quotation marks omitted) (quoting Captain Andy's Sailing, Inc. v. Dep't of Land and Nat. Res., State of Hawai'i, 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006)).

### III. DISCUSSION

Appellants contend the Board erred in concluding their appeal of the County Clerk's decision was untimely.[7] HAR § 3-172-43(a) provides that "[a]ny appeal of the clerk's ruling shall be made in writing by filing a notice of appeal with the chairperson of the [Board] within ten days of service of the clerk's decision." This court has determined that "[t]he common understanding of the word 'file' means to 'deliver a legal document to the court clerk or record custodian for placement into the official record.'" Si-Nor, Inc. v. Dir., Dep't of Labor & Indus. Relations, 120 Hawai'i 135, 149, 202 P.3d 596, 610 (App. 2009) (quoting Black's Law Dictionary 660 (8th ed. 2004)); see also United States v. Lombardo, 36 S.Ct. 508, 509 (1916) ("'Shall file' means to deliver to the office, and not send through the United States mails." (citing Gates v. State, 28 N.E. 373 (N.Y. 1891)); In re Bryan, 261 B.R. 240, 244 (B.A.P. 9th Cir. 2001) ("A 'filing' occurs when papers are delivered to the actual custody of a proper officer."). Furthermore, HRS § 11-26(b) instructs that service of a County Clerk's adverse decision "shall be made personally or by registered mail, which shall be deemed complete upon deposit in the mails, postage prepaid, and addressed to the aggrieved person's last known address." Thus, in order for Appellants' appeal to be timely, Appellants were required to deliver their Appeal Letter to the Board within ten days of when

---

[7]     Appellants also attempt to argue that the Board was required to provide them with a Big Island location at which they could file their appeal from the County Clerk's decision. Appellants' opening brief, however, fails to identify any legal authority for their contention that the Board was required to provide them with an alternate location and, therefore, we deem Appellants' argument waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (providing that an appellant's opening brief must include "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . . Points not argued may be deemed waived." (Emphasis added.)).

5

the County Clerk properly mailed his adverse decision to them.[8]

The record indicates the County Clerk mailed his adverse decision to Appellants on October 2, 2014, as evidenced by a copy of a registered mail envelope dated October 2, 2014 addressed to Binder and the envelope post-marked October 2, 2014 addressed to Hyland. Thus, the ten day time period began to run on October 3, 2014, the day after the County Clerk served his adverse decision. See HRS § 1-29 (2009). Because October 12, 2014, the tenth day, was a Sunday, the deadline for Appellants to file their appeal was the following Monday, October 13, 2014.[9] See id. Appellants' appeal was not filed until October 16, 2014, so their appeal from the County Clerk's decision was untimely.[10]

### IV. CONCLUSION

Therefore, the "Findings of Fact, Conclusions of Law

---

[8]     In Gonzales' Jurisdiction Objection and Hyland's Reply to Jurisdiction Objection, both parties appeared to believe that Hawai'i Rules of Civil Procedure (HRCP) Rule 6(e)--which provides an additional two days for the filing of a response when the triggering event is served by mail--added two days to Appellants' appeal deadline so to give Appellants a total of twelve days to file their appeal. We note that because we are tasked with determining the computation of time for an administrative proceeding, the HRCP rules do not apply. See HRCP Rule 1 ("These rules govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity[.]"). The rules that govern computation of time for appeals from election related decisions do not provide for a two day mail rule, therefore, Appellants were required to submit their appeal within the ten days proscribed under HAR § 3-172-43(a) and HRS § 11-26(b). See also HRS § 1-29, which provides:

[9]     HRS § 8-1 (2009 Repl.) lists the recognized state holidays and states the list of holidays includes "[a]ny day designated by proclamation by the President of the United States or by the governor as a holiday." The Board determined the deadline for Appellants to file their appeal was October 14, 2014 because October 13, 2014 was "Discovers' Day" and, therefore, constituted a holiday. See HRS § 1-29 (excluding the last day from computation of time if it is a holiday). Not only is "Discovers' Day" not listed as a state holiday under HRS § 8-1, but HRS § 8-1.5 (2009 Repl.) specifically provides that "[t]he second Monday in October shall be known as Discoverers' Day, in recognition of the Polynesian discoverers of the Hawaiian Islands, provided that this day is not and shall not be construed to be a state holiday." (Emphasis added.) Furthermore, on October 10, 2014, President Barack Obama recognized October 13, 2014 as "Columbus Day" but did not designate the day a national holiday. See The Proclamation No. 9193, 79 Fed Reg. 62301 (Oct. 10, 2014) ("Columbus Day, 2014"). Therefore, the Board erred in concluding that October 13, 2014 was a holiday that tolled Appellants' appeal deadline to October 14, 2013. Nevertheless, given that Appellants' appeal would have been untimely under the appropriate October 13, 2014 deadline as well, we hold that the Board's error was harmless.

[10]     Because we hold the Board had no jurisdiction to consider the Appellants' appeal from the County Clerk's decision, we need not address Appellants' remaining points on appeal.

and Order Dismissing Appeals," issued by the Board of Registration, County of Hawai'i dated January 9, 2015, is affirmed.

      DATED:  Honolulu, Hawai'i, February 10, 2016.

On the briefs:

Lanric Hyland
Petitioner-Appellant pro se.

Lincoln S.T. Ashida
for Respondent-Appellee Ronald
Gonzales.

Christopher P. Schlueter
Deputy Corporation Counsel
Laureen L. Martin
Deputy Corporation Counsel,
Section Chief
County of Hawai'i
for Respondent-Appellee
Stewart Maeda.

Patricia Ohara
Valri Lei Kunimoto
Deputy Attorneys General
for Appellee County of Hawai'i
Board of Registration.

Presiding Judge

Associate Judge

Associate Judge

7